UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 16-20342-Civ-COOKE/TORRES**

RICARDO A. BALLESTEROS,
THE PRISONERS, TAXPAYERS etc., et al.,

      Plaintiffs,

vs.

SEAN PAUL CRONIN,

      Defendant.
_____/

## ORDER DISMISSING CASE

THIS MATTER is before me on an independent review of the record. *Pro se* Plaintiff filed a class action Complaint against Defendant alleging misconduct and abuse surrounding his conviction and imprisonment in this federal district. After reviewing Plaintiff's Complaint, the record, relevant legal authorities, and for the reasons explained below, Plaintiffs' Complaint is dismissed without prejudice.

### I. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires a pleading to contain "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." The facts pleaded in a complaint must state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Further, the "short and plain statement of the claim" in the complaint must be sufficient to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). Detailed factual allegations are not required, but a pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of the cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555). Although a *pro se* litigant's pleadings are construed more liberally than pleadings drafted by attorneys, "this leniency does not give the court license to serve as de facto counsel for a party . . . or to rewrite an otherwise

deficient pleading in order to sustain an action." *GJR Invs., Inc. v. County of Escambia*, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted).

## II. DISCUSSION

On its face, Plaintiff's Complaint fails to state a claim upon which relief can be granted. The Complaint outlines two counts against Defendant for which Plaintiff seeks attorneys' fees, costs, and reduction in his prison sentence—"Intentionally Defrauding Taxpayers" and "Intentionally Inflicting Harm on the Prisoners." Compl. 13 – 14. To support these claims for relief, however, Plaintiff's Complaint contains a series of conclusory statements about Defendant and others' wrongdoings with a dearth of factual allegations. Instead, Plaintiff's Complaint largely consists of his impressions of the purported unfairness of his own criminal proceeding and sentencing, along with a separate criminal case that he witnessed and was disturbed by. He asserts foul play from the prosecutorial team but only offers the kinds of "labels and conclusions" that the federal pleading requirements bar. Without more, this action should not proceed with the Complaint in its current form.

## III. CONCLUSION

For the reasons explained in this Order, Plaintiff's Complaint (ECF No. 1) is **DISMISSED** *without prejudice*. The Clerk shall **CLOSE** this case. All pending motions are **DENIED** *as moot*.

**DONE and ORDERED** in chambers, at Miami, Florida, this 25th day of April 2016.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Edwin G. Torres, U.S. Magistrate Judge*
*Counsel of Record*
Ricardo A. Ballesteros, *Pro se*
06156-104
Miami FDC
Federal Detention Center
Inmate Mail/Parcels
Post Office Box 019120
Miami, FL 33101